IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
******************************

| | |
|---|---|
| AXIOM CONSTRUCTION & DESIGN WORK LLC ) ) Plaintiff, ) ) vs. ) ) ) ) ACE AMERICAN INSURANCE COMPANY ) ) ) ) Defendants. ) | CIVIL NO._____ ACTION FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, BAD FAITH FAILURE TO DEFEND AND PAY CLAIMS, DAMAGES & FOR PUNITIVE DAMAGES JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW**, Plaintiff, **Axiom Construction and Design Work, LLC,** by and through their undersigned counsel, the **LAW OFFICES OF KARIN A. BENTZ, P.C.** (Karin A. Bentz, Esq. and Helen K. Kim, Esq. of Counsel), by and for its Complaint alleges as follows:

## PARTIES & JURISDICTION

1. Plaintiff Axiom Construction and Design Work, LLC ("AXIOM"), is a limited liability company formed in United States Virgin Islands.

2. AXIOM is informed and believes and thereon alleges that, at all times relevant herein, Defendant ACE American Insurance Company ("ACE"), is an insurance company incorporated under the laws of Pennsylvania, with its principal place of business located in Philadelphia, Pennsylvania.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, and due to the complete diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000.00.

Axiom Construction & Design Work, LLC v. ACE American Ins.. Comp.  
Complaint

Civil No. ___  
Page 2

## FACTS

4. On or about February 4, 2008, Leona Thomas filed an action for Damages in the Superior Court of the Virgin Islands naming AXIOM as a defendant [hereinafter referred to as the "Thomas Action"]. **[EXHIBIT A.]**

5. The Thomas Action also names AXIOM's work site supervisor Lawrence Berry as a Defendant [hereinafter referred to as AXIOM's "Employee"].

6. The Thomas Action alleges that on or about March 7, 2007, a truck registered in the name of Paul G. Berry but used in the business of AXIOM, was being driven by Nathan Bastien when he lost control and crashed into the plaintiff's vehicle.

7. On or about March 30, 2009, plaintiff Leona Thomas filed a Second Amended Complaint. **[EXHIBIT B.]**

8. The Second Amended Complaint alleges, inter alia, that "Axiom Construction negligently hired and retained Bastien in the position of Heavy Equipment Operator." The Second Amended Complaint further alleges that "[a]s a result of the negligent hiring and retention of Defendant Nathan Bastien, upon information, was unable to properly operate the vehicle which was a producing cause of the accident."

9. The claims against Lawrence Berry stem from his alleged negligent business decision he made when he assigned Mr. Bastien to operate the vehicle in question on the day of the subject incident.

10. In addition, AXIOM had an oral contract with Paul G. Berry / P.R. Construction & Heavy Equipment, LLC, wherein they agreed to be responsible for all major repairs such as to the transmission and brakes of the subject vehicle and Axiom agreed to be responsible for simple day to

| Axiom Construction & Design Work, LLC v. ACE American Ins.. Comp. | Civil No. ___ |
|---|---|
| Complaint | Page 3 |

day upkeep such as checking the oil and air in the tires. Accordingly, AXIOM's alleged liability for plaintiff's injuries stem from the breach of contract by Paul G. Berry / P.R. Construction & Heavy Equipment, LLC in failing to properly maintain the vehicle.

11. At all times relevant herein AXIOM was insured by Defendant ACE American Insurance Company, under a commercial general liability coverage insurance policy (Policy No. PHFD36833397) [hereinafter referred to as the "Policy"].

12. Under the terms of the Policy, under Section 1, Coverage A, ACE agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

13. An insured also includes all "employees ... but only for acts within the scope of their employment" of the insured, as stated under Section II of the Policy.

14. Pursuant to the terms and benefits of the Policy, AXIOM tendered its defense and indemnity of the Thomas Action to ACE. AXIOM has at all times complied with the terms of the Policy in reporting the loss to ACE and cooperating with ACE in their investigation of the claim.

15. ACE contacted AXIOM stating that it was denying AXIOM'S tender of the Thomas Action.

16. ACE refused to defend AXIOM and its Employee despite the policy language, the allegations against AXIOM and its Employee and the pertinent additional facts that all revealed a potential or possibility for coverage under the ACE policy. Moreover, ACE has unreasonably and in bad faith denied the tender of the Thomas Action.

17. Despite ACE'S express contractual agreements and unqualified promises to pay for claims arising out of an occurrence during the Policy period, ACE has refused and continues to refuse to provide the defense and indemnification benefits which are owed to AXIOM.

Case: 3:10-cv-00047   Document #: 1   Filed: 05/19/10   Page 4 of 9

Axiom Construction & Design Work, LLC v. ACE American Ins.. Comp.  
Complaint

Civil No. ___  
Page 4

18. ACE has purposefully refused AXIOM'S request that it investigate the claim and participate in good faith in the settlement of the claim. ACE has deliberately refused to do so in order to improperly coerce AXIOM into accepting ACE'S erroneous denials of coverage. ACE has thereby acted in willful disregard of AXIOM'S rights under the Policy and knew or should have known that its actions would cause severe economic injury to AXIOM.

19. ACE'S steadfast refusal to defend AXIOM and its Employee forced it, and has continued to force it, to pay out of its own pocket for attorneys to represent and defend it and to asserts its right in response to being named as defendants in the Thomas Action.

20. As a result of ACE'S wrongful refusal to acknowledge coverage for the claim and settle the claim, AXIOM has been damaged in the amount of the defense and indemnification benefits it is owed.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

21. AXIOM hereby realleges and incorporates by reference each and every allegation in Paragraphs 1 through 20, inclusive, as though set forth fully herein.

22. AXIOM contends that ACE had a duty to defend AXIOM and/or share in AXIOM'S defense fees and costs in the Thomas Action under the insurance contract entered into between ACE and AXIOM. AXIOM is informed and believes that ACE denies any such duty.

23. A present and actual controversy has arisen and now exists in that ACE contends that it had or has no obligation to defend and indemnify AXIOM and its Employee for the Thomas Action.

24. AXIOM desires and is entitled to a judicial declaration of the rights and obligations of the parties, and each of them, for the Thomas Action under the liability provisions of the Policy issued by ACE.

Axiom Construction & Design Work, LLC v. ACE American Ins.. Comp.
Complaint

Civil No. ___
Page 5

## SECOND CAUSE OF ACTION

### (Breach of Contract)

25. AXIOM hereby realleges and incorporates by reference each and every allegation in Paragraphs 1 through 24, inclusive, as though set forth fully herein.

26. ACE issued Commercial General Liability Policy No. PHFD36833397, and AXIOM and its Employee were the named insured.

27. ACE owed duties and obligations to AXIOM under the Policy. These included the obligation to provide AXIOM with a defense, at ACE'S expense, for the Thomas Action.

28. ACE has breached the terms and provisions of the Policy, as explained above, by failing and refusing to provide a defense to AXIOM for the Thomas Action.

29. As a direct and proximate result of Defendants' conduct and breach of their contractual obligations, AXIOM has suffered damages under the Policy in an amount to be determined according to proof at trial.

## THIRD CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

30. AXIOM hereby realleges and incorporates by reference each and every allegation in Paragraphs 1 through 29, inclusive, as though set forth fully herein.

31. ACE has wrongfully and intentionally withheld benefits due under the Policy by, *inter alia*, wrongfully denying coverage under the policy; refusing to settle a covered claim against AXIOM; and unreasonably delaying payment. Furthermore, this improper withholding of benefits due under the Policy is unreasonable and in bad faith, i.e: knowingly done without proper cause.

32. By committing the acts herein above alleged, ACE has breached the covenant of good faith and fair dealing implied in the insurance contract. ACE'S acts of "bad faith" include, but are not limited to, the following:

Axiom Construction & Design Work, LLC v. ACE American Ins.. Comp.  Civil No. ___
Complaint  Page 6

a. Unreasonably and in bad faith failing to investigate AXIOM'S claims for policy benefits thoroughly, objectively or fairly;

b. Unreasonably and in bad faith denying benefits due under the Policy;

c. Unreasonably and in bad faith denying the payment and/or settlement of the claims against AXIOM;

d.. Unreasonably and in bad faith ignoring and refusing to consider information favorable to AXIOM'S claims for policy benefits;

e. Unreasonably and in bad faith refusing to pay for the benefits that AXIOM is due under the Policy;

f. Unreasonably and in bad faith failing to respond promptly and accurately to communications from or on behalf of AXIOM;

g. Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied upon in the Policy, in relation to the applicable facts, for the denial of AXIOM'S claim for defense;

h. Unreasonably and in bad faith failing to grant AXIOM the benefit of any doubt with respect to a potential of possibility for coverage arising under the Policy from the Thomas Action;

i. Unreasonably and in bad faith placing their own welfare and financial interests ahead of the welfare and financial interests of their Insured, AXIOM;

j. Unreasonably and in bad faith engaging in a course of conduct designed to frustrate and defeat coverage, rather than to assist their Insured, AXIOM;

k. Unreasonably and in bad faith applying the Policy terms in a manner to defeat coverage without regard to the proper meaning of the express terms of the Policy;

Axiom Construction & Design Work, LLC v. ACE American Ins.. Comp.  
Complaint  
Civil No. ___  
Page 7

      l.    Unreasonably and in bad faith compelling AXIOM to institute this litigation to obtain benefits due under the Policy;

      m.    Unreasonably and in bad faith failing to provide reasonably diligent assistance to AXIOM with its claim for a defense;

      n.    Unreasonably and in bad faith ignoring evidence that triggered the duty to defend and focusing instead on just those facts to help it justify denying a defense; and

      o.    Unreasonably and in bad faith denying the tender of Thomas Action.

33.    The conduct outlined above demonstrates a failure or refusal to discharge contractual responsibilities resulting not from honest mistake or negligence but rather by conscious and deliberate acts which unfairly frustrate the agreed common purposes and disappoints the reasonable expectations of AXIOM, thereby depriving AXIOM of the benefits of the Policy, and entitling AXIOM to compensatory and punitive damages.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

That the this Court declare that by their acts and/or omissions and practices, ACE has violated rights secured to Plaintiff by public laws and policies of the United States and the Territory of the U.S. Virgin Islands.

A.    That the Court declare that AXIOM and its Employee are insured under the ACE Policy and that ACE has an obligation to defend and indemnify AXIOM under the Policy for the Thomas Action;

B.    That the Court award damages for breach of the Policy in an amount to be determined according to proof at trial;

Axiom Construction & Design Work, LLC v. ACE American Ins.. Comp.  Civil No. ___
Complaint  Page 8

C. That the Court award damages for breach of the implied covenant of good faith and fair dealing in an amount to be determined according to proof at trial;

D. That the Court award Plaintiff punitive damages;

E. That the Court grant Plaintiff her attorney's fees, costs and disbursements; and

F. That the Court grant additional relief as the Court deems just and proper.

Respectfully submitted,

**LAW OFFICES OF KARIN A. BENTZ, P.C.**

DATED: May 19, 2010                /s/ Karin A. Bentz

Karin A. Bentz, Esq. (Bar No. 413)
Helen K. Kim, Esq. (Bar No. 1157)
18 Dronningens Gade, Suite 8
Charlotte Amalie, VI 00802
Ph: (340) 774-2669
Fax: (340)774-2665
Kbentz@viriginlaw.com
Hkim@viriginlaw.com

| | |
|---|---|
| Axiom Construction & Design Work, LLC v. ACE American Ins.. Comp. Complaint | Civil No. ___ Page 9 |

## VERIFICATION

**TERRITORY OF THE VIRGIN ISLANDS** )
                                                              )ss:
**DIVISION OF ST. THOMAS & ST. JOHN** )

I, Brandon King, having first been sworn under oath and according to law, depose and state that:

1. I represent the Plaintiff herein.
2. I have read the foregoing Complaint and know the contents therein to be true to my knowledge and belief.

DATED: 5-18-10

_____
Representative of Axiom Construction and Design Work, LLC

SWORN AND SUBSCRIBED before me, a Notary Public, the 18th day of May, 2010.

_____
NOTARY PUBLIC

My Commission Expires: _____

Karin A. Bentz, Esq., Notary Public
My Commission Expires: January 6, 2014
LLP. LNP 001-10