IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL NO. 2010-52 |
| AXIOM CONSTRUCTION & DESIGN WORKS, LLC, LAWRENCE BERRY and NATHAN BASTIEN, | ) ) ) ) | |
| Defendants. | ) ) | |
| AXIOM CONSTRUCTION & DESIGN WORKS, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL NO. 2010-47 |
| ACE AMERICAN INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

REPORT AND RECOMMENDATION ON MOTION TO INTERVENE, OR
ALTERNATIVELY, MOTION FOR JOINDER

Leona Thomas filed an action in the Superior Court of the Virgin Islands against Axiom Construction and Design Works, LLC and others seeking recovery for injuries she allegedly sustained in a vehicular accident involving a heavy equipment truck, allegedly being used in Axiom's business. Axiom tendered the defense of that action to ACE American Insurance Company based on a commercial general liability policy in effect between the parties. ACE declined the tender.

*Axiom Construction & Design Work, LLC v. ACE American Insurance Company*
Civil Nos. 2010-47 & 2010-52
Report and Recommendation
Page 2 of 8

With diversity of citizenship the basis for this Court's jurisdiction, ACE and Axiom each brought actions seeking a declaration of the rights and obligations of the parties under the policy. Ms. Thomas moves to intervene in these consolidated actions pursuant to Rules 24(a) and 24(b)(1) of the Federal Rules of Civil Procedure, and alternatively, for joinder under Rule 19(a). The Court must decide whether Ms. Thomas meets the requirements of any of these rules so that intervention or joinder may be allowed. The Court finds that she does not.

**I.  *Liberty Mutual Insurance Co., v. Treesdale, Inc.* controls this case.**

Ms. Thomas brings two Third Circuit Court of Appeals cases to the Court's attention: *Federal Kemper Insurance Company v. Rauscher*,[1] and *Liberty Mutual Insurance Company v. Treesdale*,[2] and urges the Court to adopt the analysis in *Kemper* to allow her to intervene, or be joined in these actions. ACE urges that *Treesdale* governs.

In *Kemper*, the insurance company brought a declaratory judgment action against both the insured and the injured party to construe a policy. The insured defaulted and default judgment was entered against him. The district court entered default judgment against the Griffiths as well, on the basis that their rights were derivative of the insured, and it denied reconsideration, holding that the Griffiths had no standing to seek reformation of the policy.

On appeal, the Third Circuit determined that there was a controversy as between Kemper and the Griffiths in the context of the district court's ruling that the Griffiths did not have

---

[1]  807 F. 2d 345 (3d Cir. 1987).

[2]  419 F. 3d 216 (3d Cir. 2005).

*Axiom Construction & Design Work, LLC v. ACE American Insurance Company*
Civil Nos. 2010-47 & 2010-52
Report and Recommendation
Page 3 of 8

standing to proceed with the action in the absence of the insured. The Third Circuit then concluded that under both federal and Pennsylvania law, an injured party had standing in a declaratory judgment action to have its rights declared in the absence of the insured.[3]

The Third Circuit also concluded that the Griffiths were indispensable parties within the meaning of Rule 19, stating that the "relevant inquiry is whether full relief can be accorded Kemper without joining the Griffiths."[4] The court noted that "in a declaratory judgment proceeding involving an automobile liability policy, an injured person is a 'necessary and proper' party."[5]

In *Liberty Mutual Insurance Company v. Treesdale*, Liberty Mutual brought suit against its insured seeking a declaration that it had exhausted coverage under the Umbrella Excess Liability Policies to defend and indemnify its insured against asbestos claims. Individuals who claimed to have sustained asbestos-related injury sought to intervene in the declaratory action, on the premise that their right to recovery could be eliminated by an adverse decision in that action. The district court denied the motion for intervention, and the Third Circuit affirmed, holding that the potential intervenors did not have a property or legally protectable interest in the proceeds of the policy between the insured and Liberty Mutual. It noted that the proposed intervenors "have the kind of economic interest in the insurance proceeds that we have held does not support

---

[3] *Kemper*, 807 F.2d at 352.

[4] *Id*. at 354.

[5] *Id*.

*Axiom Construction & Design Work, LLC v. ACE American Insurance Company*
Civil Nos. 2010-47 & 2010-52
Report and Recommendation
Page 4 of 8

intervention as a matter of right**,**"[6] stating further that "a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene."[7]

This case is distinguishable from *Kemper* in that there the Third Circuit addressed the specific issue of the Griffiths' standing to proceed in a declaratory judgment action brought by the insurance company against the Griffiths and the insured, when the insured had defaulted. The court also took into consideration the equity of allowing the Griffiths to defend the action in the absence of the insured, when they were involuntarily brought into the action by the insurance company. Those circumstances do not exist here.

In *Nationwide Mutual Insurance Company v. Garman,*[8] on facts similar to those presented here, the court discussed *Treesdale* and *Kemper* extensively, and likewise concluded that *Kemper* was decided on the constitutional standing issue, and the equitable considerations of allowing the Griffiths to defend the action in that absence of the insured when there were sued by the insurance company.[9] Here, unlike *Kemper*, Ms. Thomas has not been sued by the insurance company. But, like the potential intervenors in *Treesdale* and *Nationwide,* she seeks to intervene in a declaratory action between the insured and the insurance company. Because the facts here are analogous to those in *Treesdale*, the Court will analyze Ms. Thomas' motion under

---

[6] *Treesdale,* 419 F.3d at 222 (*citing Mountain Top Condominium Association v. Dave Stabbert Master Builder, Inc.*, 33 V.I. 311, 72 F. 3d 361, 366 (3d Cir. 1995)).

[7] 419 F.3d at 222.

[8] 2010 WL 2038575 *4 (M.D. Pa. May 19, 2010).

[9] *Id.*

*Axiom Construction & Design Work, LLC v. ACE American Insurance Company*
Civil Nos. 2010-47 & 2010-52
Report and Recommendation
Page 5 of 8

Rules 24(a) and (b) and Rule 19(a), consistent with *Treesdale*.

**II. Thomas may not intervene under Fed. R. Civ. P. 24(a)**.

To intervene in an action as a matter of right under Rule 24(a)(2), a litigant must establish and meet each of the following requirements: "1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interest."[10]

Timeliness is determined "from the point the applicant knew, or should have known, of the risk to its rights."[11] These actions were filed in May 2010 and Ms. Thomas moved to intervene in September 2010. No substantial discovery has been conducted. Here, the first requirement is met.

Next, Ms. Thomas must establish that she has a sufficient interest in these actions. To do so, she must demonstrate "an interest relating to the property or transaction which is the subject of the action."[12] The Third Circuit described this interest in the following manner:

> An intervenor's interest must be one that is significantly protectable. [This means that] the interest must be a legal interest as distinguished from interests of a general or indefinite character. The applicant must demonstrate a tangible threat to a legally cognizable interest to have the right to intervene. This interest is recognized as one belonging to or one being owned by the proposed intervenor. . . . In general, a mere

---

[10] *Treesdale,* 419 F.3d at 220 (citation omitted).

[11] *General Star Indemnity Company v. Virgin Islands Port Authority*, 224 F.R.D. 372, 375 (D.V.I. 2005) (citations omitted).

[12] *Treesdale,* 419 F.3d at 220 (citations omitted).

*Axiom Construction & Design Work, LLC v. ACE American Insurance Company*
Civil Nos. 2010-47 & 2010-52
Report and Recommendation
Page 6 of 8

> economic interest in the outcome of the litigation is insufficient to support a motion to intervene. [13]

Here, the Court concludes that Ms. Thomas' interest, like the interest of the proposed intervenors in *Treesdale*, is a mere economic interest in the proceeds of Axiom's policy with ACE, and not a property interest or a legally protectable interest.  As the Third Circuit noted, "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit does not ordinarily give the third party a right to intervene."[14]  Because this Court has determined that Ms. Thomas does not have a property or a legally protected interest in the insurance proceeds of the Axiom and ACE policy, the Court need not address the remaining requirements under Rule 24(a).  Ms. Thomas is not entitled to intervene as a matter of right.

**III.  Thomas may not intervene under Fed. R. Civ. P. 24(b)**.

Rule 24(b)(1)(B) permits intervention, in a court's discretion, where the third party has a claim or defense that shares a common question of law or fact with the main action.  Here, Ms. Thomas' personal injury action does not share common questions of law or fact with these declaratory actions.  Hence, she does not meet the requirements of Rule 24(b) and permissive intervention will not be allowed.

**IV.  Thomas is not an indispensable party under Fed. R. Civ. P. 19(a).**

---

[13]  *Treesdale,* 419 F.3d at 220-21; see also *General Star Indemnity Company, v. Virgin Islands Port Authority*, 224 F.R.D. 372, 375-76 (D.V.I. 2005) ("intervention as of a right may be granted only upon a showing of a significant, legally protectable, and direct interest in the litigation," *citing Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir.1987)).

[14]  *Treesdale*, 419 F.3d at 223.

*Axiom Construction & Design Work, LLC v. ACE American Insurance Company*
Civil Nos. 2010-47 & 2010-52
Report and Recommendation
Page 7 of 8

As an alternative to intervention, Ms. Thomas seeks to be joined under Rule 19(a). The first requirement under Rule 19(a) is that once process may be had on the person to be joined, his or her joinder must not deprive the Court of subject-matter jurisdiction. This Court's subject-matter jurisdiction of these actions is based on diversity of citizenship and Ms. Thomas is a citizen of the Virgin Islands. Ms. Thomas filed her motion to join in *Axiom v. ACE*, Civil No. 2010-47. Because of the reasons she seeks joinder, she would be properly aligned as a party plaintiff with Axiom in that case, thereby maintaining diversity.[15]

Once this first hurdle is overcome, the Court next must decide if it can accord complete relief to the parties in Ms. Thomas' absence. These actions are primarily to determine the rights and obligations of Axiom and ACE under the policy. As such, the Court can provide complete relief to the parties without Ms. Thomas being a party.

Next, the Court must decide if Ms. Thomas has an interest in the policy and is so situated such that disposing of the actions in her absence may "impair or impede" her ability to protect that interest, or that her absence will leave the existing parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of her interest. In *Treesdale*, the Third Circuit concluded that "[u]nder Fed. R. Civ. P. 19(a)(2), a party is only 'necessary' if it has a legally protected interest, and not merely a financial interest, in the action."[16] The court further noted that "[t]he 'interest' relating to the subject matter of the action

---

[15] See 28 U.S.C. § 1367(b).

[16] *Treesdale*, 419 F.3d at 230 (citations omitted).

*Axiom Construction & Design Work, LLC v. ACE American Insurance Company*
Civil Nos. 2010-47 & 2010-52
Report and Recommendation
Page 8 of 8

that makes an absent party a party needed for adjudication must be a legally protected interest, not merely a financial interest or interest of convenience."[17] As noted above, Ms. Thomas does not have a property interest or legally protectable interest in the policy in effect between ACE and Axiom. Thus, she fails to meet the requirements for joinder.

Because the Court finds that Ms. Thomas has not met the requirements of Rules 24(a), 24(b)(1) or 19(a), it is hereby RECOMMENDED that Ms. Thomas' motion to intervene, or alternatively, to join in these actions be DENIED.

Any objections to this report and recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. Section 636(b)(1)(B); LRCi 72.3.

S\_____
        **RUTH MILLER**
        United States Magistrate Judge

---

[17] *Id.* (quoting *Special Jet Services, Inc., v. Federal Insurance Company*, 83 F.R.D. 596, 599 (W.D.Pa 1979)).