IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **No. 3:10-CV-52-RM** |
| AXIOM CONSTRUCTION & DESIGN WORKS, LLC, LAWRENCE BERRY and NATHAN BASTIEN, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| AXIOM CONSTRUCTION & DESIGN WORKS, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **No. 3:10-CV-47-RM** |
| ACE AMERICAN INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Axiom Construction & Design Work, LLC ("Axiom") initiated this action on May 19, 2010, seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure that its commercial general liability insurer, ACE American Insurance Company ("ACE"), has a duty to defend and obligation to indemnify it in an underlying lawsuit, *Leona Thomas v. Paul G. Berry, Nathan Bastien, Lawrence Berry, Axiom Construction & Design Work, LLC and PR Construction & Heavy Equipment, LLC, 79-2008, Superior Court of*

*the Virgin Islands* ("the *Thomas* action") [DE 40-3],[1] filed February 4, 2008.  Axiom also alleges breach of contract and breach of the implied covenant of good faith and fair dealing.  On May 26, 2010, ACE filed a complaint seeking a declaratory judgment that it owes no coverage to Axiom or any other defendant in the *Thomas* action.[2]  [DE 1, 3:10-CV-52].  The Court has jurisdiction over the parties' claims pursuant to 28 U.S.C. § 1332.  The matter is now before the Court on cross-motions for summary judgment [DE 37, DE 38].  The parties' respective motions filed in this consolidated matter are fully briefed and ripe for disposition.  For the reasons that follow, the Court grants ACE's motions for summary judgment on the duty to defend [DE 34, 3:10-CV-52; DE 37] and denies Axiom's motions for summary judgment as to all claims [DE 35, 3:10-CV-52; DE 38].[3]

## I.    BACKGROUND & PROCEDURAL HISTORY

The undisputed facts, as set forth by the parties, and the record, are as follows:

**A.    The Insurance Policy**

At all relevant times, Axiom was insured by ACE under a commercial general liability ("CGL") insurance policy, Policy Number PHFD36833397 ("the Policy").  Axiom's Statement Facts Supp. Mot. Summ. J. ("Axiom's SOF"), ¶ 7 [DE 40]; ACE's Resp. Axiom's Mot. ("ACE's Resp.") at 3 [DE 44].[4]  The Policy provides, in pertinent part, the following:

---

[1]  All document entries ("DE") cited herein refer to Case No. 3:10-CV-47-RM, unless otherwise specified.

[2]  In the Virgin Islands, an insurer asked to defend an action against a policy-holder has three options: (1) seek a declaratory judgment that it owes no duty to defend the insured, (2) defend the insured under a reservation of rights, or (3) refuse to either defend or seek a declaratory judgment action at its own peril that it might later be found to have breached the duty to defend.  *Gen. Star Indem. Co. v. V.I. Port Auth.*, 564 F. Supp. 2d 473, 479 (D.V.I. 2008) (quoting *Erie Ins. Exchange v. V.I. Enters., Inc.*, 264 F. Supp. 2d 261, 263-64 (D.V.I. 2003)).

[3]  The Court's determination that ACE has no duty to defend renders Axiom's other claims moot given those claims are based on ACE's alleged duty to defend.

[4]  Axiom "did not obtain contingent and/or liability or hired auto physical damage coverage from ACE."  ACE's Compl. ¶ 11 [DE 1, 3:10-CV-52].

**SECTION 1 COVERAGES**
**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**INSURING AGREEMENT**

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . . .We will have the right and duty to defend any "suit" seeking those damages.
. . .

**EXCLUSIONS**

This insurance does not apply to:

**Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.
. . .

**Aircraft, "Autos," Watercraft**

"Bodily injury" or "property damage" arising out of the . . . use or entrustment to others of any . . . auto[5] . . . owned or operated by . . . any insured."

**COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY**
**INSURING AGREEMENT**

We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" . . . to which this insurance applies. . . . We will have the right and duty to defend any "suit" seeking those damages.
. . .
This insurance applies to "personal injury" only if caused by an offense:
. . .
2. Arising out of the conduct of your business . . .


. . .
**SECTION II – WHO IS AN INSURED**

. . .
Each of the following is also an insured:
1. Your employees . . . but only for acts within the scope of their employment by you.

---

5   The Policy defines "auto" as a "land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But 'auto' does not include 'mobile equipment.'" [DE 40-2 at 10]. The parties do not dispute that the subject truck meets the definition of "auto" as defined in the Policy.

. . .

**SECTION V – DEFINITIONS**

. . .

**Occurrence**

Means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

[DE 40-2 at 1-2, 4, 6, 14] (emphasis in original).

**B.     The *Thomas* Action**

Leona Thomas ("Thomas") alleged that on March 8, 2007, she sustained injuries as a result of a collision with a "heavy duty" truck "used . . . in a dangerously defective condition." Axiom's SOF, Ex. A ¶ 9 [DE 40-1]. Thomas also alleged the truck was registered in the name of Paul G. Berry, used in Axiom's business, and operated by Nathan Bastien ("Bastien"). *Id*. According to Thomas, Axiom "negligently hired and retained Bastien in the position of Heavy Equipment Operator" as he was not licensed to operate such equipment. *Id*. ¶¶ 10, 13. Thomas alleged further that "[a]s a result of the negligent hiring and retention of [] Bastien, he . . . was unable to properly operate the vehicle which was a producing cause of the accident." [6] *Id*. ¶¶ 10, 13-14. The damages sought by Thomas against Axiom are "a direct and proximate result" of Axiom "act[ing] with gross negligence and/or with wanton and reckless disregard to the danger posed to others in operating the vehicle in [its] dangerous condition." *Id*. ¶¶ 16-17.

On an unspecified date, Axiom "tendered its defense and indemnity" of the *Thomas* action to ACE, *see* Axiom Compl. ¶ 14 [DE-1], which ACE subsequently refused, stating the operation of the exclusions for **Aircraft, "Autos," Watercraft** and **Expected or Intended Injury** precluded coverage for Axiom. ACE Compl. ¶¶ 11, 14 [DE 1, 3:10-CV-52]. On 5

---

[6] The *Thomas* action also names Axiom's work site supervisor, Lawrence Berry, as a defendant. The claims against Lawrence Berry stem from the alleged negligent business decision he made in assigning Bastien to operate the vehicle in question on the day of the accident. *See* Axiom's SOF ¶ 6.

March 2010, Axiom wrote to ACE, explaining ACE has a duty to defend Axiom because the allegations in the *Thomas* action establish that Axiom's alleged liability arises from its negligent hiring and retention of an employee and therefore "arises out of the conduct of Axiom's business." ACE Compl. Ex. B [DE 1-3, 3:10-CV-52]; Axiom's SOF ¶ 12 [DE 40].

Axiom initiated the instant action for breach of contract and breach of the implied covenant of good faith and fair dealing and seeking a declaration that ACE has a duty to defend and indemnify Axiom for the negligent hiring and retention claim asserted against it in the *Thomas* action. ACE subsequently filed a complaint seeking a declaration that it has no such duty.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates "there is no genuine dispute as to any material fact," thus entitling the moving party to judgment as a matter of law. FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The court must view the facts in the light most favorable to the nonmovant, and draw all reasonable inferences in favor of the non-moving party. *See Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the moving party has carried its burden under Rule 56, the nonmoving party must do more than simply show there is some doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations & footnote omitted)

(quoting FED. R. CIV. P. 56).

## III.  DISCUSSION

Under Virgin Islands law, "[t]he interpretation, construction and legal effect of an insurance policy is a question to be determined by the court as a matter of law." *Coakley Bay Condominium Ass'n v. Continental Ins. Co.*, 770 F. Supp. 1046, 1050 (D.V.I. 1991); *Neshaminy Constructors, Inc. v. Fed. Ins. Co*., 2012 U.S. Dist. LEXIS 86079, at *3 (E.D. Pa. June 21, 2012) (stating "[t]he issue of whether a claim is within a policy's coverage or barred by an exclusion may be decided on a motion for summary judgment").  Upon reviewing the Policy and the *Thomas* complaint, the Court concludes that ACE does not have a duty to defend Axiom in the *Thomas* action because the negligent retention and hiring claim against Axiom falls under the Policy's **Aircraft, "Autos," Watercraft** exclusion.

### A.  Relevant Law

An insurer has a duty to defend if "the complaint [in the underlying action] avers facts that might support recovery under the [p]olicy . . . ."  *Sikirica v. Nationwide Ins. Co*., 416 F.3d 214, 226 (3d Cir. 2005) (alteration added) (explaining "[a]fter determining the scope of coverage under a policy, the court must examine the complaint in the underlying action to determine whether it triggers coverage"); *accord Hess Oil V.I. Corp. v. Firemen's Fund Ins. Co.*, 626 F. Supp. 882, 885 (D.V.I. 1986) (explaining "[t]he duty to defend comes into play when a claim is made against an insured which may potentially be covered by the policy"); *In re Tutu Water Wells Contamination Litig*., 32 F. Supp. 2d 808, 813 (D.V.I. 1998) (stating "[i]n determining whether a duty to defend exists, the factual allegations of [the] complaint . . . are controlling")(alteration in original; citation omitted).  The insured has the initial burden of establishing coverage under the policy.  *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589

F.3d 105, 111 (3d Cir. 2009). The burden then shifts to the insurer to demonstrate that an exclusion places the particular harm outside of the policy's reach. *Nationwide Mut. Ins. Co. v. Cosenza*, 258 F.3d 197, 206-07 (3d Cir. 2001). Exclusions from coverage are strictly construed against the insurer. *Id.*

"Courts interpreting insurance policies should read the provisions within the context of the entire policy and any extensions thereto." *Devcon Int'l Corp. v. Reliance Ins. Co.*, 2007 U.S. Dist. LEXIS 78672, at *7 (D.V.I. Oct. 23, 2007) (citing *Coakley Bay*, 770 F. Supp. at 1051); *see also Am. Auto. Ins. Co. v. Murray*, 658 F.3d 311, 321 (3d Cir. 2011) (stating a court should "give effect to all of [the insurance policy's] provisions); 22 V.I.C. § 846 ("Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to and made a part of the policy."). Furthermore, courts "should read policy provisions to avoid ambiguities, if possible, and not torture the language to create them." *Northbrook Ins. Co. v. Kuljian Corp.*, 690 F.2d 368, 372 (3d Cir. 1982). "If any ambiguity exists, however, it must be construed against the insurer, and in a manner which is more favorable to coverage." *General Star Indem. Co. v. V.I. Port Auth.*, 2007 U.S. Dist. LEXIS 4444, at *8 (D.V.I. Jan. 5, 2007).

**B.     The Policy**

Axiom argues the allegations described in the *Thomas* action establish that Axiom's alleged liability stems from its negligent hiring and retention of an employee, who was acting within the scope of his employment when the underlying injury occurred, which "potentially falls" within the scope of the liability policy. Axiom's Resp. ACE's Mot. Summ. J. ("Axiom's Resp.") at 7 [DE 42]; Axiom's SOF ¶ 9 [DE 40]. In particular, Axiom contends the personal injury described in the *Thomas* action is covered pursuant to the insuring agreement under

Coverage B of the Policy which applies to personal injury "[a]rising out of the conduct of [the insured's] business." Axiom's Resp. at 3 [DE 42].

ACE counters that the Policy's auto exclusion clause bars coverage of Axiom's claim. In particular, ACE contends that Thomas' allegations against Axiom for her personal injuries are excluded pursuant to the auto exclusion because her damages arose of out Axiom's "use or entrustment to [Bastien] of" the truck. ACE's Mot. Summ. J. ("ACE's Mot.") at 4, 10 [DE 37]; *see also* ACE's Reply Axiom's Resp. ("ACE's Reply") at 7 [DE 47] (stating Thomas' injuries "arose out of Mr. Berry's ownership and Mr. Bastien's use of the subject truck, which is precluded under the Policy") (emphasis in original).[7] That is, ACE contends the cause of the injury in the *Thomas* action – here, the use or entrustment to Bastien of the subject truck – governs coverage. On the other hand, while Axiom concedes the underlying injury arose out of an automobile accident, Axiom argues the claim against Axiom is for negligent hiring and retention of an employee and thus "arises out of an alleged negligent business decision." Axiom's Resp. at 8 [DE 42]. That is, Axiom contends the theory of liability – here, the negligent hiring and retention – governs coverage. Thus, the issue before the Court is whether the claim in *Thomas* for negligent hiring and retention is included in the automobile exclusion clause at issue.

---

[7] ACE argues also that the "expected or intended" exclusion in the Policy precludes coverage. ACE relies on the allegation in the *Thomas* action that Axiom "acted with . . . wanton and reckless disregard to the danger posed to others in operating the vehicle in this dangerous condition" [DE 40-1 ¶ 16], which "appears to addresses [Axiom's] intent." ACE's Mot. at 12 [DE 37]; *see also* ACE's Resp. at 15 [DE 44]. Axiom counters that "nothing contributing to the accident in issue was in any manner 'expected or intended.'" Axiom's Resp. at 10 [DE 42]. In the Third Circuit, courts have held that the "expected or intended" exclusionary clause applies only when the insured intends to cause the resulting damage. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp.*, 319 Fed. Appx. 121, 127 (3d Cir. 2009) (applying New Jersey's subjective intent standard and holding the insured should have "expected or intended" that property damage would occur as a result of his conduct); *Melrose Hotel Co. v. St. Paul Fire & Marine Ins. Co.*, 432 F. Supp. 2d 488, 507 (E.D. Pa. 2006) (explaining "Pennsylvania courts use a subjective standard to determine whether an insured intended an injury and must decide whether the insured desired to cause the consequences of his act or if he acted knowing that such consequences were substantially certain to result") (citation omitted). In light of the Court's finding that the auto exclusion bars coverage for Axiom's negligent hiring and retention, the Court does not consider the applicability of the intentional acts exclusion to the instant matter.

The Court has not found a Virgin Islands case on point and the parties cite none. ACE relies on decisions from the Third Circuit, states within the Third Circuit, and other jurisdictions which have applied vehicular use exclusion clauses in CGL and homeowner's policies to negligent entrustment or supervision claims.[8] *See* ACE's Mot. at 6-8 [DE 37]; ACE's Resp. at 8-9 [DE 44] (citing *e.g., Countryway Ins. Co. v. Slaugenhoup*, 360 Fed. Appx. 348 (3d Cir. 2010); *Nat'l Cas. Co. v. Borough of Wyomissing*, 57 Fed. Appx. 62 (3d Cir. 2003); *Pulleyn v. Cavalier Ins. Corp.*, 351 Pa. Super. 347, 505 A.2d 1016 (1986); *Wilcha v. Nationwide Mut. Fire Ins. Co.*, 2005 Pa. Super. 395, 887 A.2d 1254 (2005); *Erie Ins. Exchange v. Transamerica Ins. Co.*, 352 Pa. Super. 78, 507 A.2d 389 (1986); *Motorists Mut. Ins. Co. v. Kulp*, 688 F. Supp. 1033 (E.D. Pa. 1988); *Williamson v. Continental Casualty Co.*, 201 N.J. Super. 95, 492 A.2d 1028 (1985); *Ins. Co. of North America v. Waterhouse*, 424 A.2d 675 (Del. 1980); *Bankert v. Threshermen's Mut. Ins. Co.*, 110 Wis. 2d 469, 329 N.W.2d 150 (1983); *Michigan Mut. Ins. Co. v. Sunstrum*, 111 Mich. App. 98, 315 N.W.2d 154 (1981)).

As the court in *Northern Assurance Co. v. EDP Floors, Inc.*, 311 Md. 217, 533 A.2d 682 (1987) explained,

> [t]he prevailing rationale among the many courts that have upheld exclusion in negligent entrustment and negligent supervision cases has been that though the [employee's] vehicle use and employer . . . components of the causes of action may involve separate acts, the vehicle use component is essential to establish the insured's liability, and if it is excluded no liability arises for which the insurer is responsible.

*Id.*, 311 Md. at 226-27, 533 A.2d at 687 (collecting cases); *see e.g., Cowan Sys. v. Harleysville Mut. Ins. Co.*, 2005 U.S. Dist. LEXIS 22197, at *16 (D. Md. Sept. 30, 2005) (explaining " where

---

[8]  *See Meyers v. Miss. Ins. Guar. Ass'n*, 883 So. 2d 10, 16 (Miss. 2003) (explaining "the controlling factor is not the type of policy, but the auto-exclusion in the policy").

the operation of an automobile . . . [is] indisputably [a] cause[] of the injury and [a] necessary element[] of the cause of action, claims of underlying *negligent hiring* or entrustment . . . will not defeat the common automobile . . . exclusion") (emphasis added); *Howell v. Ferry Transp., Inc.*, 929 So. 2d 226, 231 (La.App. 4 Cir. Mar. 29, 2006) (holding the auto exclusion in the CGL policy barred coverage because the "use of the vehicle was essential to the plaintiff's theory of liability[] that [the employer] was *negligent in its hiring* and supervision of [the employee]") (emphasis added). The *EDP Floors* court explained further that "[t]he words 'arising out of' must be afforded their common understanding, namely, to mean originating from, growing out of, flowing from, or the like" and as such, the auto exclusion "applies irrespective of the theory of liability" as the policy "insures against certain types of damages or injuries, specifically excluding injuries arising out of the operation [or] use" of a vehicle. *EDP Floors, Inc.*, 311 Md. at 230, 533 A.2d at 689; *cf. Gen. Star Indem. Co.*, 2007 U.S. Dist. LEXIS 4444, at *12 (upholding inverse condemnation exclusion on the basis that the "'arising out of' language suggests that a claim need bear only an incidental relationship to the described conduct for the exclusion to apply") (citation omitted).

Axiom claims the cases relied upon by ACE are inapposite because "Axiom has not claimed against [ACE] as to negligent entrustment nor . . . parental control, but rather negligent hiring." Axiom's Resp. at 8 [DE 42]. As noted above, however, the rationale applied by courts upholding auto exclusions in negligent entrustment cases has been followed in negligent hiring cases. *See, e.g.*, *Iba Molecular N. Am., Inc. v. St. Paul Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 139615, *7-8 (S.D.N.Y. Sept. 27, 2012) (holding "[t]he claim of negligent hiring does not change the fact that the negligent hiring here resulted in a car accident, which is not covered"); *Scarfi v. Aetna Casualty & Surety Co.*, 233 N.J. Super. 509, 515, 559 A.2d 459, 462-

63 (1989) (explaining "[t]he complaint against [the insured] was based on their alleged negligence in hiring and training [an employee] . . . [which] were incidental to the ownership, operation or use of the truck [negligently operated by the employee] and, accordingly, were not covered by [the insurer's] CGL policy"); *Ruggerio v. Aetna Life & Casualty Co.*, 484 N.Y.S.2d 106, 106-07, 107 A.D.2d 744, 745 (1985) (holding an "insured's negligent actions in hiring an incompetent and unqualified driver and dispatching him when he was intoxicated do no more than provide reasons or subfactors explaining why the accident arose out of the operation of an automobile and are therefore also excluded from coverage under the [CGL] policy") (internal quotation marks omitted).

Axiom counters further that several courts have held a claim for negligent hiring and retention does not necessarily "arise out of" an automobile accident because such negligence is independent of the use of an automobile. Axiom's Resp. at 8-9 [DE 42] (citing *Crist v. Hunan Palace, Inc.*, 277 Kan. 706, 712, 89 P.3d 573, 578 (2004) (noting the legal theory of liability was not excluded by the policy and holding "the automobile exclusion did not apply to [plaintiff's] claim of negligent supervision and training, which was a separate and distinct theory of recovery from the use of an automobile"); *Marquis v. State Farm Fire & Cas. Co.*, 265 Kan. 317, 331, 961 P.2d 1213, 1223 (Kan. 1998) (noting "unlike other states, Kansas does not look to the underlying cause of the injury to determine coverage, but to the specific theory of liability"); *Pablo v. Moore*, 298 Mont. 393, 400, 995 P.2d 460, 464 (2000) (holding the policy did "not clearly and unambiguously exclude coverage for the theories of liability [of negligent hiring and training] pled by the plaintiffs")).[9] However, as the *Marquis* court noted, its holding follows the minority

---

[9] Axiom also cites *Centermark Prop. v. Home Indem. Co.*, 897 S.W.2d 98, 103 (Mo. Ct. App. 1995) in support of its argument. Axiom's Resp. at 9 [DE 42]. However, as ACE points out, the *Centermark* court relied on the fact that injury arose out a non-permissive driver's use of an automobile and thus is inapplicable to the instant matter.

position espoused by the Kansas court in *Upland Mutual Ins., Inc. v. Noel*, 214 Kan. 145, 519 P.2d 737 (1974). *See Marquis*, 265 Kan. at 330, 961 P.2d at 1222; *accord Pablo*, 298 Mont. at 399, 995 P.2d at 464 (following "the minority rule expressed in *Marquis*").

Upon reviewing the case law, this Court rejects the minority view and concludes, in keeping with the general trend of authority, that here the negligent hiring and retention claim cannot be divorced from the employee's negligent driving; thus, the "auto" exclusion in the Policy precludes coverage. Accordingly, the prevailing rationale forecloses Axiom's attempts to separate the negligent hiring and retention allegation from the use of the vehicle that actually gave rise to the injury alleged in the *Thomas* action. Here, Bastien's use of the vehicle is integral to Thomas' negligent hiring and retention claim against Axiom in that there would be no such claim against Axiom but for Bastien's "use" of the subject truck. Indeed, this rational is in accord with the purpose of standard CGL policies which

> are issued to cover all hazards incident to the operation of a business with the exception of certain excluded risks, including those involved in the ownership maintenance, use or entrustment of an "auto". The premium charged by the CGL insurer reflects the underwriting objective of placing automobile accidents beyond the scope of coverage. These latter risks involve unique hazards to which the general business of the insured is not subject. For that reason, they are generally covered as a special class by an automobile liability policy.

*Oakley Transp. v. Zurich Ins. Co.*, 271 Ill. App. 3d 716, 726, 648 N.E.2d 1099, 1107 (1995) (holding the auto exclusion precludes coverage for the insured's negligent supervision since it "also arises out of the employee's use of the vehicle because the negligent supervision is derivative of, and dependent upon, the underlying negligent use of the vehicle" and thus "cannot be divorced from its employee's negligent driving").

---

ACE's Reply at 6 [DE 47].

In sum, the record presents no genuine dispute over material facts that bears on the duty to defend, and the evidence before the Court, even viewed in the light most favorable to the insured, cannot support a conclusion that there is coverage under the Policy.

## IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that

1. In case number 3:10-CV-47-RM, ACE's motion for summary judgment [DE 37] is GRANTED and Axiom's motion for summary judgment [DE 38] is DENIED; and

2. In case number 3:10-CV-52-RM, ACE's motion for summary judgment [DE 34] is GRANTED and Axiom's motion for summary judgment [DE 35] is DENIED.

**Dated:** October 12, 2012          S\_____
                                           **RUTH MILLER**
                                           United States Magistrate Judge